
# CT Corporation

**Service of Process Transmittal**
06/03/2010
CT Log Number 516729857

TO: Kim Blankenship
Brand Energy & Infrastructure Services, Inc.
1325 Cobb International Dr, Ste A-1
Kennesaw, GA 30152

RE: **Process Served in North Carolina**

FOR: Brand Energy & Infrastructure Services, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Robert Jack Brewer, Jr., Pltf. vs. Brand Energy Solutions, LLC and Brand Energy and Infrastructure Services, Inc., Dfts. |
| DOCUMENT(S) SERVED: | Letter, Summons, Return Form, Verified Complaint, Verification |
| COURT/AGENCY: | Mecklenburg County Superior Court, NC<br>Case # 10-CVS-11681 |
| NATURE OF ACTION: | Employee Litigation - Wrongful Termination - Wage and Hour Claims-Retaliatory Employment Discrimination-Seeking damages in excess of $10,000.00 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Raleigh, NC |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 06/03/2010 postmarked on 06/01/2010 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after you have been served |
| ATTORNEY(S) / SENDER(S): | Bruce M. Simpson<br>James, McElroy & Diehl, P.A.<br>600 South College Street, Suite 3000<br>Charlotte, NC 28202<br>704-372-9670 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 792828679244<br>Image SOP<br>Email Notification, Deborah Pittet dpittet@aluma.com<br>Email Notification, Pat Fallavollita pat.fallavollita@beis.com<br>Email Notification, Kim Blankenship kim.blankenship@beis.com |
| SIGNED:<br>PER:<br>ADDRESS: | C T Corporation System<br>Ronnie Strickland<br>150 Fayetteville St.<br>Box 1011<br>Raleigh, NC 27601 |
| TELEPHONE: | 919-821-7139 |

Page 1 of 1 / RS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**JAMES McELROY & DIEHL, P.A.**
ATTORNEYS AT LAW

600 South College Street
Charlotte, North Carolina 28202

704 372-9870 | 800 247-9870
Fax 704 333-5508

www.jmdlaw.com

| | | | |
|---|---|---|---|
| J. Mitchell Aberman* | Richard B. Fennell* | Pender R. McElroy | **Of Counsel** |
| John S. Arrowood | Kristen E. Finlon | Fred B. Monroe | Henry James, Jr. |
| Catherine A. Barnes | Jared E. Gardner | Preston O. Odom, III | Robert H. Sheppard |
| John W. Beddow | Gary S. Hemric | Fred P. Parker, IV | Mary Kay Baynard |
| Justin D. Bice | J. Alexander Heroy | Adam L. Ross | B. Frederic Williams |
| Sarah M. Brady | Edward T. Hinson, Jr. | Claire J. Samuels | |
| John R. Buric | Katherine S. Holliday | Amy E. Simpson | |
| Jon P. Carroll | Beth Tate Hondros | Bruce M. Simpson | |
| Matthew T. Covington | David M. Kern | John Paul Tsahakis | |
| J.P. Davis | Irene P. King | Charles M. Viser | |
| William K. Diehl, Jr. | G. Russell Kornegay, III | | |
| Jonathan D. Feit | Harrison A. Lord | *Also admitted in S.C. | |

June 1, 2010

**VIA CERTIFIED MAIL**
**RETURN RECEIPT NO. 7008 0500 0001 5459 4048**

Brand Energy & Infrastructure Services, Inc.
c/o CT Corporation, Registered Agent
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

RE: **Robert Jack Brewer, Jr. v. Brand Energy Solutions, LLC, et al.**

Dear Sir or Madam:

Enclosed please find copies of a Summons and Complaint which are being served upon you as Registered Agent for Brand Energy & Infrastructure Services, Inc. in connection with the above matter.

Sincerely yours,

*Bruce Simpson*

Bruce M. Simpson

BMS/clb
Enclosures

| STATE OF NORTH CAROLINA | File No. 10-CVS- 11621 |
|---|---|
| Mecklenburg County | In The General Court Of Justice<br>☐ District ☑ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Robert Jack Brewer, Jr. | **CIVIL SUMMONS** |
| Address | ☐ Alias And Pluries Summons |
| City, State, Zip | G.S. 1A-1, Rules 3,4 |
| **VERSUS** | |
| Name Of Defendant | Date Original Summons Issued |
| Brand Energy Solutions, LLC and Brand Energy Infrastructure Services, Inc. | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Mailing Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Brand Energy Solutions, LLC<br>c/o CT Corporation System,<br>Registered Agent<br>150 Fayetteville Street, Box 1011<br>Raleigh, NC 27601 | Brand Energy Infrastructure Services, Inc.<br>c/o CT Corporation System,<br>Registered Agent<br>150 Fayetteville Street, Box 1011<br>Raleigh, NC 27601 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to this plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address of Plaintiff's Attorney (if none, Address of Plaintiff) | Date Issued | Time Issued | ☐ AM ☐ PM |
|---|---|---|---|
| Bruce M. Simpson<br>600 South College Street, Suite 3000<br>Charlotte NC 28202 | 6-1-10 | 11:37 | |
| | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | | |

| ☐ ENDORSEMENT | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | | |

NOTE TO PARTIES: *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount is in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev.10/01
2001 Administrative Office of the Courts (Over)

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
                                SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG           10-CVS-_____

ROBERT JACK BREWER, JR.,        )
                                )
         Plaintiff,             )
                                )
vs.                             )   **VERIFIED COMPLAINT**
                                )   (Jury Trial Requested)
BRAND ENERGY SOLUTIONS, LLC;    )
and BRAND ENERGY AND            )
INFRASTRUCTURE SERVICES,        )
INC.,                           )
                                )
         Defendants.            )

Plaintiff, by and through counsel, for his Complaint against Defendants, hereby alleges and says as follows:

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff is an adult citizen and resident of York County, South Carolina.

2.  Upon information and belief, Defendants are limited liability companies organized and existing under the laws of the State of Delaware having a principal place of business located in Mecklenburg County, North Carolina.

3.  The Court has jurisdiction over the subject matter and the parties, and venue is proper in Mecklenburg County, North Carolina pursuant to N.C.G.S. § 1-82.

## FACTS, ALL CLAIMS

4.  In early 2006, Plaintiff was hired to work as a supervisor of a business owned and operated by Defendants at a Duke Energy facility at Terrell, North Carolina.

5.  The business owned and operated by Defendants at the Duke Energy facility at Terrell, North Carolina was typically called Brand Scaffold Services and Brand Scaffold Builders, and provided scaffolding services and maintenance services related to the operation of the Duke Energy facility.

6.  As supervisor at the facility for Defendants, Plaintiff had substantial responsibilities related to safety and supervision of work crews, and Plaintiff was required to work long hours substantially beyond a normal 40-hour work week. (A substantial part of Plaintiff's job also involved cooperation and coordination with Duke Energy officials and employees.)

7. Plaintiff's employment also required Plaintiff to travel to certain business locations of Duke Energy other than the Terrell facility.

8. As a part of Plaintiff's promised compensation for the work performed for Defendants, Defendants represented and promised to Plaintiff that he would receive certain base pay at an hourly rate, certain overtime pay and certain benefits.

9. On or about May 20, 2009, certain management officials of Defendants visited the normal work site in Terrell and raised certain concerns to Plaintiff about the magnitude of the compensation that had been promised to Plaintiff and largely paid to Plaintiff in the past, including compensation that had been earned by Plaintiff at that time but which had not yet been paid to Plaintiff by Defendants.

10. On or about May 20, 2009, Defendants' management officials expressed particular concern about the large number of hours that were recorded to have been worked by Plaintiff.

11. Defendants' management had previously advised Plaintiff that he should not write down more than 16 hours as worked in a day even if he had to work longer than 16 hours in a day to comply with his responsibilities.

12. Plaintiff normally worked more hours in many weeks than were recorded for him, but Defendants complained to Plaintiff on or about May 20, 2009 that Plaintiff reported too many hours and Defendant complained that many of the benefits promised to Plaintiff were excessive.

13. When Defendants complained to Plaintiff on or about May 20, 2009, Plaintiff had not been paid certain wages and benefits that were promised to him even though Plaintiff was then entitled to receive said wages and benefits.

14. On or about May 20, 2009, Defendants made it clear to Plaintiff that Plaintiff needed to record even fewer hours for himself and others below what was actually required and expended to perform assigned work, and that Plaintiff needed to give up some of the benefits and compensation that he had earned and that he had been promised.

15. On or about May 20, 2009, Defendants made it clear to Plaintiff that Defendants were demanding that Plaintiff must reduce his wages, time and benefits related to work previously performed and related to work to be performed in the future if he wanted to keep his job.

16. At the times that Defendants addressed Plaintiff with respect to his wages and benefits in May 2009, Defendants were intentionally withholding wage and benefit payments that were owed and outstanding to Plaintiff.

17. Plaintiff complained to his employer in May 2009 that (i) he did not agree to retroactively reduce his recorded time worked or the amounts owed to him as wages and benefits, (ii) Defendants should not be withholding wages and benefits due him,

and (iii) he did not feel he should be required to write down future time worked to less than actually worked.

18. In response to Plaintiff's complaints and requests to be paid wages and benefits consistent with the promises and agreements made to him and his refusal to write down fewer hours than worked, Defendants told Plaintiff on or about May 20, 2009 that he was suspended from employment without pay and that Defendants would investigate Plaintiff's time, compensation and benefits.

19. When Plaintiff was initially informed on or about May 20, 2009, that his hours would be investigated, Plaintiff was told that he should return to work in a week; however, when Plaintiff reported to work in a week, still wanting to be paid wages and benefits in accordance with prior promises and commitments made to him by Defendants, Defendants told Plaintiff that the investigation into Plaintiff's hours would proceed into the future.

20. On or about June 19, 2009, Defendants contacted Plaintiff by phone and advised that Plaintiff was terminated because he had put down hours that he had not worked (despite the fact that Plaintiff's work hours substantially exceeded the hours that he was allowed to record and be compensated and despite the fact that Plaintiff's hours had been approved and paid by Duke Energy to Defendants).

21. During Plaintiff's suspension, Defendants directed certain employees to change time records so as try to support Defendants' claims that Plaintiff had overstated hours worked.

22. Defendants' accusations about Plaintiff overstating hours worked were false.

23. Prior to and after "suspending" and "terminating" Plaintiff's employment, Defendants wrongfully withheld salary and benefits owed to Plaintiff, some of which was later paid, but only after Plaintiff employed a lawyer to demand the unpaid salary and benefits.

24. Throughout much of Plaintiff's employment for Defendants, Defendants showed a preference toward employment of illegal immigrants for a lesser wage than otherwise comparable workers, which was typically orchestrated and facilitated by another supervisor, who had work hours recorded comparable to Plaintiff, and Defendants chose to hassle Plaintiff related to long work hours because Plaintiff did not orchestrate and facilitate Defendants' employment of illegal immigrants for Defendants as the other supervisor did.

## BREACH OF EMPLOYMENT CONTRACT

25. Plaintiff re-alleges and incorporates by reference the preceding allegations.

26. Plaintiff and Defendants, as part of the employment agreement between them, agreed that Plaintiff would be paid certain wages and benefits, but Defendants failed and refused to pay the promised and agreed payments and benefits and breached the related agreements between Plaintiff and Defendants.

27. As a part of the employment agreement between Plaintiff and Defendants, there was an implied duty of good faith and fair dealing, and the implied agreement that Defendants would not terminate Plaintiff's employment for any unlawful or wrongful purpose contrary to the applicable law or public policy; and Defendants breached this implied duty of good faith and fair dealing and related implied agreement to not terminate Plaintiff's employment for any unlawful or wrongful purpose contrary to applicable law or public policy.

28. As a part of the employment agreement between Plaintiff and Defendants, there was an implied duty that Defendants would not terminate Plaintiff or take other adverse actions against Plaintiff for complaining about Defendants' failure to pay promised wages and benefits, and Defendants breached this implied agreement.

29. As a result of Defendants' breaches of contract, Plaintiff has been substantially damaged in excess of $10,000, and Plaintiff is entitled to recover such damages from Defendants.

## WAGE AND HOUR CLAIMS

30. Plaintiff re-alleges and incorporates by reference the preceding allegations.

31. The amounts that were owed to Plaintiff and not timely paid to Plaintiff were wages under the North Carolina Wage and Hour Act, and Defendants' failure to pay the amounts earned and owed to Plaintiff as due as alleged in this Complaint constitutes violations of the North Carolina Wage and Hour Act (N.C.G.S. § 95-25.1 et seq.), entitling Plaintiff to the recovery of the unpaid amounts doubled, plus reasonable attorneys' fees and the costs of this action.

32. Further, Defendants have violated the North Carolina Wage and Hour Act by delaying and denying amounts owed Plaintiff in an effort to obtain concessions by Plaintiff with respect to Plaintiff's wages.

33. Further, Defendants' efforts to change Plaintiff's compensation retroactively, by Defendants' actions in June 2009, violate the North Carolina Wage and Hour Act.

34. Plaintiff has been substantially damaged by Defendants' violations of the Wage and Hour Act, and is entitled to recover his damages suffered as a result of Defendants' violations of the Wage and Hour Act, as well as the other remedies provided by that Act.

## RETALIATORY EMPLOYMENT DISCRIMINATION

35. Plaintiff re-alleges and incorporates by reference the preceding allegations.

36. Plaintiff's employment with Defendants was terminated by Defendants in retaliation by Defendants against Plaintiff related to his complaints and concerns expressed related to his claims for promised wages and benefits.

37. Defendants threatened and damaged Plaintiff with respect to his employment, compensation and benefits in retaliation related to his complaints and concerns expressed to Defendants related to his wages.

38. The conduct of Defendants as set forth herein violates the North Carolina Retaliatory Employment Discrimination Act (N.C.G.S. § 95-240, *et seq.*), and Plaintiff has been substantially damaged by Defendants' conduct in violation of that Act.

39. Plaintiff timely filed a complaint with the North Carolina Department of Labor in which he alleged his claims about Defendants' retaliatory conduct.

40. The North Carolina Department of Labor issued a Right to Sue letter to Plaintiff dated March 4, 2010.

41. All procedural prerequisites for instituting this action have been met.

42. Plaintiff is entitled to the recovery of treble damages and the recovery of costs and reasonable attorneys' fees in accordance with the North Carolina Retaliatory Employment Discrimination Act.

## WRONGFUL TERMINATION OF EMPLOYMENT

43. Plaintiff re-alleges and incorporates by reference the preceding allegations.

44. Defendants' treatment and termination of Plaintiff as alleged in this Complaint also amount to a wrongful termination of employment in violation of the public policy of North Carolina, as evidenced in the laws previously cited in this Complaint and the State and Federal laws governing employment of illegal immigrant workers.

45. Plaintiff has been substantially damaged by Defendants' wrongful treatment and termination of Plaintiff's employment, and Plaintiff is entitled to recover compensatory damages from Defendants for the wrongful termination.

46. Defendants' termination was willful, wanton and intentional in disregard of Plaintiff's rights and applicable law and public policy.

47. Plaintiff is entitled to the recovery of punitive damages on account of Defendants' willful, wanton and intentional conduct, in addition to compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. That Plaintiff have and recover from Defendants, jointly and severally, in an amount in excess of $10,000 as compensatory and actual damages.

2. That Plaintiff have and recover treble damages, attorneys' fees and expenses, consistent with the North Carolina Wage and Hour Act.

3. That Plaintiff have and recover treble damages, attorneys' fees and expenses, consistent with the North Carolina Retaliatory Employment Discrimination Act.

4. That Plaintiff have and recover from Defendants punitive and exemplary damages in an amount in excess of $10,000 for wrongful and malicious acts of Defendants.

5. That Plaintiff be awarded reasonable attorneys' fees and costs.

6. That Plaintiff have and recover from Defendants such other and further relief as the Court deems just and proper under the facts and applicable law.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

This 1st day of June 2010.

JAMES, McELROY & DIEHL, P.A.

*Bruce M. Simpson*

Bruce M. Simpson, Esquire
600 South College Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Email: bsimpson@jmdlaw.com
Attorneys for Plaintiff

## VERIFICATION

ROBERT JACK BREWER, being first duly sworn, deposes and says that he has read the foregoing Complaint, that the statements contained therein are true of his own knowledge or are stated upon information and belief. As to all things stated about which he does not have personal knowledge, he is informed and believes them to be true.

This 27th day of May 2010.

_____
ROBERT JACK BREWER

Sworn to and subscribed before me
this 27th day of May 2010
by Robert Jack Brewer.

_____
Notary Public

_____
(Print Name)

My Commission Expires 12-31-2012

[AFFIX OFFICIAL STAMP OR SEAL]